

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Kenneth McCullough v. Eric Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth McCullough v. Eric Miller" (2009). *2009 Decisions.* Paper 1334.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1334

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-174                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4339
_____

KENNETH MCCULLOUGH,
                                    Appellant

v.

ERIC M. MILLER, Pa. Corr. off.; T. STANLEY, Pa. C.O.;
LYNN DAVENPORT, Pa. C.O.; N. NEAL, Pa. Cor. Off.;
F. DALEY, Pa. Cor. Off.  Witness; R. CULP, Pa. Cor. Off. Capt.;
SIMPSON, Pa. Cor. Off. Capt.; ELEANORE WEAVER, Pa. Misconduct
Hearing Examiner/Judge; DAVID MCCRAY, Pa. Cor. Off.; KATY WIMBUSH,
Pa. Cor. Off.; CHARLES SHANE, Pa. Corr. Off.; MARLENE STEWARD,
Pa. Corr. Off.; DAVID GOOD, Pa. Corr. Off.; PAUL STOWITZKY, Cor. Off.;
CHRISTINA SORBIN, Cor. Off.; LEE JOHNSON, Cor. Off. (African American);
HOLMES, Cor. Off. Lt.; JOHNSON, Cor. Off. (Caucasian); ROBERT S. BITNER,
Pa. Cor. Off. (Harrisburg); MCCONNELL, Pa. Cor. Off. Capt. Any and all other
Respondents later added

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00514)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2009

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: May 21, 2009)
_____

## OPINION
_____

PER CURIAM

Kenneth McCullough, an inmate at SCI at Pittsburgh, appeals from an order by the District Court granting defendants' motion for summary judgment. For substantially the same reasons provided by the District Court, we will affirm.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as they are helpful to our brief discussion. McCullough filed a civil rights action against defendants alleging a violation of his Eighth Amendment rights. He based his complaint on an incident that occurred on July 15, 2004, in which he alleges that he was the victim of excessive force used by Officers Miller, Davenport, Stanley, and Neal. According to McCullough, Officer Miller placed him in a choke hold until he nearly passed out and then pushed him down a flight of concrete and steel stairs. While he was semi-conscious at the bottom of the steps, Officer Stanley spit in his face and repeatedly kicked him, Officer Davenport kicked him in the face and ribs and continued to kick and stomp him when he fell on his side, and Officer Neal stomped on him and called him a "worthless inmate." McCullough also alleged that Officer Daley was a witness to the incident. As to the remaining defendants, McCullough claimed that Officers Culp, Simpson, Weaver, McCray, Wimbush, Shane, Steward, Good,

2

Stowitzky, Bitner, and McConnell had knowledge of McCullough's assault, but "exercised acquiescence" by signing a false misconduct report, affirming sanctions, or refusing to investigate his assault claim.[1]

In addition to his excessive force claim, McCullough alleged that Officer Lee Johnson spit in his food and put his mail in the trash, and that although Officer Holmes knew that Lee Johnson had done so, he "exercised acquiescence" by standing by and doing nothing to stop him.[2] McCullough also alleged that another officer named Johnson stuck his fingers in McCullough's food and wiped his fingers with McCullough's bread.

Defendants filed a motion for summary judgment arguing that (1) they were entitled to qualified immunity; (2) McCullough failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e; (3) McCullough cannot demonstrate that certain named defendants had personal involvement necessary to establish liability; and (4) that McCullough failed to show that the actions of officers Miller, Stanley, Davenport, Neal, Lee Johnson, and Johnson constitute excessive force or cruel and unusual punishment in violation of the Eighth Amendment. The defendants supported their contentions with sworn declarations, prison disciplinary records, internal reports, and medical records.

McCullough filed a response to defendants' motion, arguing that he was about to

---

[1] It is not entirely clear what McCullough means by the phrase "exercise acquiescence." He may be alleging that these defendants are liable based on respondeat superior.

[2] McCullough also alleges that defendant Sorbin "exercised acquiescence," but does not explain how.

be paroled and had no motivation to jeopardize his release by assaulting a staff member. He suggested that the incident occurred because the defendants "hated [him] so much." To show that he was about to be paroled, he attached an exhibit detailing his individual treatment plan for his mental health and substance abuse problems. McCullough also attached the same medical report that defendants attached to their motion to show that he sustained minor injuries from the July 15 incident. He provided no other evidence to counter defendants' motion.

The District Court granted defendants' motion for summary judgment based on the report and recommendation provided by the Magistrate Judge. McCullough timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. Because McCullough is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous. We may summarily affirm if McCullough's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. We exercise plenary review over a district court's grant of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). The District Court's grant of summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is material if "the evidence is such that a reasonable jury could return a

4

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To overcome a motion for summary judgment, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). McCullough has not done so. The attachments he provided are either unsworn, irrelevant, or support defendants' argument that McCullough sustained only minor injuries. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n. 17 (1970) (unsworn statements in a brief do not constitute evidence for purposes of summary judgment); Thornton v. United States, 493 F.2d 164, 167 (3d Cir. 1974).

### III.

Turning to the defendants' specific arguments, under the Prison Litigation Reform Act ("PLRA"), prisoners must first exhaust their administrative remedies before filing an action under section 1983. 42 U.S.C. §1997e(a); Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (failure to properly identify named defendants in a grievance constitutes a failure to properly exhaust). Based on an affidavit by a prison official involved in processing inmate grievances and appeals, defendants maintain that McCullough never filed a grievance with regard to his claims against four of the defendants: Lee Johnson, Sorbin, Holmes, and Johnson. In addition, this affidavit attests that McCullough did not properly appeal a single grievance to the level of final review. McCullough does not provide any evidence to counter this declaration. Based on the unchallenged affidavit,

5

summary judgment was appropriate in favor of all the defendants.

IV.

Finally, with respect to the remaining 11 defendants, McCullough's main allegation is that each had knowledge of the July 15 incident but "exercised acquiescence" by approving false misconduct reports, affirming sanctions, or refusing to investigate the assault. Prisoners cannot claim they were denied a constitutional right based solely on the contention that officials filed false or unfounded misconduct charges. Smith, 293 F.3d at 653-54 ("so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough . . ."). Moreover, McCullough has presented no evidence to show that these reports were in fact false. To the contrary, he attached to his response the same medical reports for which defendants based their contention that his injuries were minor. McCullough also has not shown that any prison official refused to investigate. Notably, defendants attach to their motion a report of investigation conducted by defendant McConnell into McCullough's allegations of abuse, evidence which McCullough has not countered with evidence of his own.

V.

As McCullough's appeal presents no substantial question, we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.